**WO**                                                                                           KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jahi Aminata Dumisani, | No. CV 07-2514-PHX-SMM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Defendants. | |

On October 5, 2007, Plaintiff Jahi Aminata Dumisani, who is confined in the Arizona State Prison Complex-Douglas, filed a *pro se* Complaint in the Maricopa County Superior Court. On December 12, 2007, Defendants City of Phoenix and Phoenix Police Department removed the action to this Court, paid the $350.00 filing fee, and filed an Answer. Defendants State of Arizona, Arizona Department of Corrections, Dora Schriro, and Terry Steward filed, on January 8, 2008, a Motion to Dismiss Case (Doc. #5).

By Order issued February 5, 2008, this Court dismissed the Complaint with leave to amend and denied the Motion to Dismiss as moot. On March 3, 2008, Plaintiff filed an Amended Complaint. On March 14, 2008, Defendants filed a Motion for Screening Order. The Court will grant the Motion for screening order. The Court will also require Defendant Cleary to answer Count I of the Complaint and will dismiss the remaining counts and Defendants without prejudice.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

**TERMPSREF**

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.     Amended Complaint

Plaintiff names the following Defendants in the Amended Complaint: (1) State of Arizona; (2) Arizona Department of Corrections (ADOC) Director Dora Schriro; (3) former ADOC Director Terry Stewart; (4) Maricopa County; (5) Maricopa County Attorney's Office; (6) Maricopa Deputy County Attorney John Doe; (7) Maricopa Deputy County Attorney Matthew Clark; (8) City of Phoenix; (9) City of Phoenix Police Department; and (10) Detective John Doe Cleary.

Plaintiff raises fifteen grounds for relief in the Complaint: (1) Defendant Cleary maliciously prosecuted Plaintiff for the purpose of depriving Plaintiff of his federal and state right to be free from unreasonable and unlawful seizure; (2) Defendant Cleary maliciously prosecuted Plaintiff for the purpose of depriving Plaintiff of his right to equal protection; (3) Defendant City of Phoenix deprived Plaintiff of his right to be free from unreasonable and unlawful seizure by failing to adequately supervise Defendant Cleary; (4) Defendant City of Phoenix deprived Plaintiff of his right to equal protection by failing to adequately supervise Defendant Clearly; (5) Defendant John Doe maliciously prosecuted Plaintiff with the intent to deprive Plaintiff of his federal and state right to be free from unreasonable search and seizure; (6) Defendant John Doe deprived Plaintiff of his right to equal protection; (7) Defendant Clark maliciously prosecuted Plaintiff for the purpose of depriving Plaintiff of his right to be free from unreasonable and unlawful seizure; (8) Defendant Clark deprived Plaintiff of his right to equal protection; (9) Defendant Maricopa County maliciously prosecuted Plaintiff for the purpose of depriving Plaintiff of his right to be free from unreasonable and unlawful seizure; (10) Defendant Maricopa County deprived Plaintiff of his right to equal protection; (11) Defendants Schriro and Stewart deprived Plaintiff of his

1 right to be free from involuntary servitude without just compensation; (12) Defendant State 2 of Arizona maliciously prosecuted Plaintiff for the purpose of depriving Plaintiff of his right 3 to be free from unreasonable and unlawful seizure; (13) Defendant State of Arizona deprived 4 Plaintiff of his right to equal protection; (14) Defendant State of Arizona unlawfully 5 imprisoned Plaintiff, denying Plaintiff of his right to be free from unreasonable and unlawful 6 seizure; and (15) Defendant State of Arizona violated Plaintiff's right to be free from 7 involuntary servitude without just compensation.  Plaintiff seeks money damages.

**III.    Failure to State a Claim**

       **A.    Defendants State of Arizona, Schriro, and Stewart**

The Court notes first that the State of Arizona is not a proper Defendant.  Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent.  Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Accordingly, Defendant State of Arizona will be **dismissed**.

With respect to Defendants Schriro and Stewart, Plaintiff has failed to allege facts that would subject these Defendants to liability.  Plaintiff alleges that his incarceration occurred after his conviction in Maricopa County Superior Court.  Defendants Schriro and Stewart have no authority to release an inmate before the completion of a court-determined term of incarceration without an order of the Court. Plaintiff's allegations suggest only that Defendants Schriro and Stewart acted within their statutory obligations to house convicted individuals.  See Ariz. Rev. Stat. § 31-201.01 ("The director shall hold in custody all persons sentenced to the department under the law and shall hold such persons for the term directed by the court, subject to law.").  Accordingly, Plaintiff has failed to state a claim against these Defendants.

With respect to his claims relating to forced labor, Plaintiff has also failed to state an adequate claim.  "There is no federally protected right of a state prisoner not to work while imprisoned after conviction, even though that conviction is being appealed."  Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963).  Moreover, "[p]rison rules may require appellant to work

1  but this is not the sort of involuntary servitude which violates Thirteenth Amendment rights."
2  Id.

### B. Defendants City of Phoenix, City of Phoenix Police Department, and Maricopa County

A municipality or county may not be sued solely because an injury was inflicted by one of its employees or agents. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Rather, the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. Id.; Miranda v. City of Cornelius, 429 F.3d 858, 868 (9th Cir. 2005). Thus, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff has not alleged that the City of Phoenix, City of Phoenix Police Department, or Maricopa County maintained policies or customs that resulted in Plaintiff's injuries. There is no *respondeat superior* liability under § 1983, and therefore, these Defendants' positions as supervisors or employers of persons who allegedly violated Plaintiff's constitutional rights do not impose liability. Monell v. New York City Department of Social Services, 436 U.S. 658, 691 (1978); Hamilton v. Endell, 981 F.2d 1062, 1067 (9th Cir. 1992); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Plaintiff has failed to state a claim against Defendants City of Phoenix, City of Phoenix Police Department, and Maricopa County, and these Defendants will be **dismissed**.

### C. Defendants Maricopa County Attorney's Office, Doe, and Clark

Prosecutors are absolutely immune from liability under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986).

1 Immunity extends to prosecutors for "eliciting false or defamatory testimony from 2 witnesses or for making false or defamatory statements during, and related to judicial 3 proceedings." Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citations omitted). This 4 immunity also includes liability for suppression of evidence *at trial*. Paine v. City of 5 Lompoc, 265 F.3d 975, 982, (9th Cir. 2001).

6 Plaintiff claims that Defendant Doe introduced false testimony to the grand jury, 7 withheld exculpatory evidence from the grand jury, and failed to disclose or misrepresented 8 applicable law to obtain an indictment. Plaintiff further alleges that Defendants Clark and 9 Maricopa County Attorney's Office prosecuted Plaintiff based upon a deficient indictment, 10 refused to produce material witnesses for pretrial interviews and for testimony at trial, and 11 withheld exculpatory evidence. All of Plaintiff claims allege actions for which Defendants 12 Doe, Clark, and the Maricopa County Attorney's Office are immune. Plaintiff has therefore 13 failed to state a claim against these Defendants and they will therefore be **dismissed**.

14 **D.   Count II**

15 In Count II, Plaintiff claims that Defendant Cleary violated Plaintiff's equal protection 16 rights when he maliciously prosecuted Plaintiff for aggravated assault.

17 To state a claim for a violation of the Equal Protection Clause, a plaintiff must show 18 that defendants acted with intent or purpose to discriminate against plaintiff based upon 19 membership in a protected class. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). 20 Where the plaintiff is alleging a constitutional tort and motive, or intent is an element of the 21 claim, the complaint is subjected to a heightened pleading standard. See Foster v. Skinner, 22 70 F.3d 1084, 1088 n.7 (9th Cir. 1995); Housley v. United States, 35 F.3d 400, 401-02 (9th 23 Cir. 1994). Under this standard, the plaintiff must set forth "'in the [] complaint 24 nonconclusory allegations setting forth evidence of intent. The allegations of fact must be 25 specific and concrete enough to enable the defendants to prepare a response, and where 26 appropriate a motion for summary judgment.'" Mendocino Envtl. Ctr. v. Mendocino, 14 27 F.3d 457, 461 (9th Cir. 1994).

28 Plaintiff has failed to allege that he is a member of a protected class or that he was

1 denied equal protection based upon his membership in a protected class. Further, Plaintiff
2 has failed to make more than conclusory allegations of intent. Plaintiff's allegations in Count
3 II fail to state a claim, and Count II will therefore be **dismissed**.

4 **IV.  Claims for which an Answer will be Required**

5 "Malicious prosecution, by itself, does not constitute a due process violation; to
6 prevail, [a plaintiff] must show that the defendants prosecuted him with malice and without
7 probable cause, and that they did so for the purpose of denying him equal protection or
8 another specific constitutional right." Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th
9 Cir. 1995)

10 In Count I, Plaintiff claims that Defendant Cleary maliciously prosecuted Plaintiff
11 "without probable cause, and for the purpose of depriving the Plaintiff of his Federal and
12 State right to be free from unreasonable and unlawful seizure." Amended Complaint at 3.
13 Plaintiff claims that Defendant Cleary testified falsely before the grand jury, failing to
14 disclose and withholding exculpatory evidence. Liberally construed, these allegations state
15 a claim, and the Court will therefore require Defendant Cleary to answer Count I.

16 **V.  Warnings**

17 **A.  Address Changes**

18 Plaintiff must file and serve a notice of a change of address in accordance with Rule
19 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other
20 relief with a notice of change of address. Failure to comply may result in dismissal of this
21 action.

22 **B.  Copies**

23 Plaintiff must submit an additional copy of every filing for use by the Court. See
24 LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice
25 to Plaintiff.

26 **C.  Possible Dismissal**

27 If Plaintiff fails to timely comply with every provision of this Order, including these
28 warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

1  963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to
2  comply with any order of the Court).

3  **IT IS ORDERED:**

4  (1) Counts II through XVI and Defendants State of Arizona, Schriro, Stewart,
5  Maricopa County, Maricopa County Attorney's Office, Doe, Clark, City of Phoenix, and
6  Phoenix Police Department are **DISMISSED without prejudice**.

7  (2)  Defendant Cleary must **answer Count I.**

8  (3)  The Clerk of Court must send Plaintiff a service packet including the Amended
9  Complaint (Doc. #10), this Order, and both summons and request for waiver forms for
10 Defendant Cleary.

11 (4)  Plaintiff must complete and return the service packet to the Clerk of Court
12 within 20 days of the date of filing of this Order. The United States Marshal will not provide
13 service of process if Plaintiff fails to comply with this Order.

14 (5)  If Plaintiff does not either obtain a waiver of service of the summons or
15 complete service of the Summons and Amended Complaint on Defendant within 120 days
16 of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later,
17 the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

18 (6)  The United States Marshal must retain the Summons, a copy of the Amended
19 Complaint, and a copy of this Order for future use.

20 (7)  The United States Marshal must notify Defendant Cleary of the commencement
21 of this action and request waiver of service of the summons pursuant to Rule 4(d) of the
22 Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.
23 The Marshal must immediately file requests for waivers that were returned as undeliverable
24 and waivers of service of the summons. If a waiver of service of summons is not returned
25 by Defendant within 30 days from the date the request for waiver was sent by the Marshal,
26 the Marshal must:

27 (a)  personally serve copies of the Summons, Amended Complaint, and this
28 Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil

1 Procedure; and

2 (b) within 10 days after personal service is effected, file the return of service 3 for Defendant, along with evidence of the attempt to secure a waiver of service of the 4 summons and of the costs subsequently incurred in effecting service upon Defendant. 5 The costs of service must be enumerated on the return of service form (USM-285) and 6 must include the costs incurred by the Marshal for photocopying additional copies of 7 the Summons, Amended Complaint, or this Order and for preparing new process 8 receipt and return forms (USM-285), if required. Costs of service will be taxed against 9 the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil 10 Procedure, unless otherwise ordered by the Court.

11 (8) **If Defendant agrees to waive service of the Summons and Amended** 12 **Complaint, he must return the signed waiver forms to the United States Marshal, not** 13 **the Plaintiff.**

14 (9) Defendant Cleary must answer Count I of the Amended Complaint or 15 otherwise respond by appropriate motion within the time provided by the applicable 16 provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

17 (10) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 18 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

19 (11) Defendants' March 14, 2008 Motion for Screen Order (Doc. #11) is 20 **GRANTED** to the extent that the Court has screened the Amended Complaint.

21 DATED this 28th day of April, 2008.

22

23

24  Stephen M. McNamee
United States District Judge

25

26

27

28

**TERMPSREF** - 8 -