**WO** KM

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JAHI AMINATA DUMISANI, | No. CV 07-2514-PHX-SMM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| STATE OF ARIZONA, et al., | |
| Defendants. | |

On October 5, 2007, Plaintiff Jahi Aminata Dumisani, who is confined in the Arizona State Prison Complex-Douglas, filed a *pro se* Complaint in the Maricopa County Superior Court. On December 12, 2007, Defendants City of Phoenix and Phoenix Police Department removed the action to this Court (Doc. #1), paid the $350.00 filing fee, and filed an answer (Doc. #2). Defendants State of Arizona, Arizona Department of Corrections, Dora Schriro, and Terry Steward filed, on January 8, 2008, a Motion to Dismiss Case (Doc. #5).

By Order issued January 14, 2008, the Court dismissed the Complaint with leave to amend and denied the Motion to Dismiss as moot (Doc. #8). On March 3, 2008, Plaintiff filed an Amended Complaint (Doc. #10). On March 14, 2008, Defendants filed a Motion for Screening Order (Doc. #11). On April 29, 2008, the Court granted the Motion for Screening Order, required Defendant Cleary to answer Count I of the Amended Complaint, and dismissed the remaining claims and Defendants without prejudice (Doc. #12).

On June 11, 2008, Plaintiff filed a "Motion to Remand, In Part, to Superior Court" (Doc. #13).

**I.     Remand**

In his Motion for Remand, Plaintiff notes that the Court did not specifically address Plaintiff's state court claims and asks that the Court remand the dismissed claims to state court.

Pursuant to 28 U.S.C. § 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

Defendants filed the Notice of Removal in this action on December 12, 2007 (Doc. #1). Plaintiff's Motion for Remand was filed on June 11, 2008, well after the 30-day deadline for filing a Motion for Remand, and Plaintiff does not claim that the Court lacks subject matter jurisdiction over his claims. Accordingly, the Court will deny the Motion for Remand.

**II.    Reconsideration**

To the extent that Plaintiff seeks reconsideration of the Court's April 29, 2008 Order, the Court notes that motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through — rightly or wrongly.'" Defenders of Wildlife, 909 F. Supp. at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va. 1983)). The failure to properly brief an issue does not warrant granting a motion to reconsider. Motorola, Inc. v. J.B. Rogers Mech. Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

In this case, the Court dismissed Counts III through XVI of the Amended Complaint because the Defendants named in those Counts were immune from suit under the Eleventh

1  Amendment, had prosecutorial immunity, were not properly named Defendants, or were
2  municipal defendants and Plaintiff failed to allege that a custom or policy of those municipal
3  defendants resulted in his injuries. The Court dismissed Count II of the Amended Complaint,
4  which named Defendant Cleary, because Plaintiff failed to allege facts sufficient to
5  demonstrate a violation of his equal protection rights.

6       With respect to Plaintiff's state law claims, Plaintiff failed to clearly set out any state
7  law claims in the Amended Complaint. In Counts I, II, and III of the Amended Complaint,
8  Plaintiff simply puts the words "Federal and State" in parentheses after stating the
9  constitutional or other federal civil right that was violated by Defendants.[1] Plaintiff failed to
10 discuss his state law rights or make any allegations specific to those rights. Although *pro se*
11 pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), conclusory and
12 vague allegations will not support a cause of action. Ivey v. Board of Regents of the
13 University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Accordingly, the Court finds that
14 dismissal of Plaintiff's state law claims was appropriate and that there is no basis for
15 reconsideration of the April 29, 2008 Order.

16      **IT IS THEREFORE ORDERED** that Plaintiff's June 11, 2008 Motion for Remand
17 (Doc. #13) is **DENIED**.

18      DATED this 22nd day of October, 2008.

Stephen M. McNamee
United States District Judge

---

[1] For example, in Count I of the Amended Complaint, in the section of the form which provides, "State the constitutional or other federal civil right that was violated," Plaintiff wrote: "right to be free from unreasonable and unlawful seizure. (Federal and State)." Amended Compl. at 3.